1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO URIOSTEGUI, | Case No. 21-01634 EJD (PR) |
| Plaintiff, | **ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |
| v. | |
| S. GATES, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against medical personnel at Pelican Bay State Prison ("PBSP"), and others. The Court dismissed the original complaint with leave to amend because Plaintiff failed to allege sufficient facts to state a cognizable claim. Dkt. No. 10. On October 4, 2021, Plaintiff filed a first amended complaint, Dkt. No. 13, which is before the Court for an initial review.

## DISCUSSION

### A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

## B.    Plaintiff's Claims

In the original complaint, Plaintiff alleged that various medical personnel at different locations acted negligently with respect to his medical needs.  Dkt. No. 1.  Because negligence was not sufficient to state a claim under § 1983, the Court dismissed the complaint with leave to amend, granting Plaintiff one opportunity to attempt to allege sufficient facts to state an Eighth Amendment claim for deliberate indifference to serious medical needs.  Dkt. No. 10 at 4.  However, Plaintiff's amended complaint fails to allege sufficient facts to establish a violation of his constitutional rights against each of the named Defendants except for two of them.

Plaintiff names the following Defendants from PBSP:  Dr. Nancy Adams, Nurse T. Geiger, Nurse McDaniels, Nurse Ramirez, Chief Health Care Correspondent S. Gates, and Chief Executive Officer B. Woods.  Dkt. No. 13 at 1.  Plaintiff also names "unnamed defendants does thru 8 defendants," one of whom is an unidentified doctor who treated him at Eureka, California.  Id. at 6.  Lastly, Plaintiff names Dr. Grivy, a specialist in colorectal surgery, who treated him in Grant Pass, Oregon.  Id. at 8.  Plaintiff claims that his rights under the Fourth, Eighth, and Fourteenth Amendments were violated, and that defendants' actions constituted gross negligence under the California Tort Liability Act. Id. at 1.  However, it is clear from Plaintiff's pleading that the only claim he is asserting is

United States District Court
Northern District of California

1   under the Eighth Amendment for deliberate indifference to serious medical needs, and that

2   he raises the Fourth and Fourteenth Amendments to establish a § 1983 claim against

3   Defendants as state actors, which is unnecessary. See, e.g., Dkt. No. 13 at 5, 10, 13.

4   Accordingly, this action shall proceed solely on the basis of his Eighth Amendment claim.

5       Plaintiff claims that upon his arrival at PBSP in May 2019, he experienced extreme

6   pain and saw blood in his stool. Dkt. No. 13 at 4. He complained of these symptoms to

7   medical personnel and was seen by Defendant Nurse McDaniels on June 6, 2019. Id. He

8   claims that although he had a number of symptoms, Nurse McDaniels "did not know what

9   to do." Id. Plaintiff claims that Nurse McDaniels was aware of that he was suffering from

10  "intense and relentless pain" but that her actions, or failure to act, amounted to

11  "intentionally denying or delaying access to medical care." Id. at 5. Plaintiff claims Nurse

12  McDaniels was present during the examination with the doctor and that he appeared before

13  her several times. Id. He claims her actions amount to "gross negligence under California

14  Tort Liability Act, a violation of plaintiff's Eighth and Fourteenth Amendment rights." Id.

15  at 4.

16      Six months later, on January 27, 2020, Plaintiff was transported for a medical

17  evaluation "with an unnamed doctor in Eureka, California"; this doctor performed a

18  colonoscopy and a biopsy. Id. at 6. Plaintiff claims that this doctor misdiagnosed his

19  injury when he stated that he "did not find anything wrong." Id. Plaintiff claims this

20  doctor's actions are grounds for a "civil medical malpractice claim for gross negligence

21  sufficient under the… Eighth Amendment." Id.

22      Plaintiff alleges that also on January 27, 2020, he was transported to Grant Pass,

23  Oregon, for a medical evaluation with Dr. Grivy, a specialist in colorectal surgery. Id. at 8.

24  After an examination, Dr. Grivy determined "nothing in his opinion was wrong" and that

25  Plaintiff "was just fine." Id. Dr. Grivy suggested Plaintiff "do exercise and he would feel

26  better." Id. Plaintiff claims Dr. Grivy's care amounts to gross negligence. Id. Plaintiff

27  claims that "surgery would be necessary but physician Grivy refused to schedule it" and

28                                          3

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

eventually discharged him with his existing injuries. Id. at 9.  Plaintiff claims that although Dr. Grivy is not an employee of the state, he was still acting under the color of state law for being under a contractual agreement with the state.  Id. at 7, 8.

Plaintiff claims Defendant Bill Woods is an executive officer at PBSP and responsible for grievance appeals filed by prisoners. Id. at 10.  Plaintiff claims Defendant Woods was notified around December 2019, through grievances that he suffered from "life threatening injury" and that he sought immediate medical treatment, but Defendant failed to act in a reasonable manner, "ignoring an imminent danger" to Plaintiff's health and welfare, violating his Eighth and Fourteenth Amendment rights. Id. at 11.  Plaintiff claims Defendant Woods denied his healthcare 602 medical appeal on February 5, 2020.  Id. at 12.  Plaintiff also claims Defendant S. Gates, a "chief health care correspondent" was also aware of the facts from which the inference could be drawn that a substantial risk of harm exists. Id. at 18.

Plaintiff claims that on January 14, 2020, he was interviewed by Defendant T. Geiger, a PBSP health care administrator nurse, with regard to a grievance he filed.  Id. at 19.  Defendant Geiger reviewed the following during the interview: Plaintiff had a colonoscopy and a biopsy which were negative for collagenous/lymphocytic colitis and active inflammation; Plaintiff's current medications included acetaminophen, calcium polycarbophil, loperamide HCL, and ibuprofen; Plaintiff's last examination on January 3, 2020, showed normal vital signs, and recent lab work within normal limits; a letter from Plaintiff's PCP dated January 14, 2020, stating that his test results were essentially within normal limits or unchanged; and that his January 24, 2020 examination by his PCP indicated he had a "mild colicky abdomen sharp rectal pain from intermittent reducible prolapse, and rectal bleeding, you were not anemic, hemodynamically stable and… bleeding was not significant." Id. at 19-20. Plaintiff claims that Defendant Geiger "essentially denied" his healthcare appeal, and her failure to order immediate surgery constitutes negligence and grounds for deliberate indifference. Id. at 20.  It appears that

4

United States District Court
Northern District of California

1
2

Defendant S. Gates subsequently denied Plaintiff's appeal, for which Plaintiff claims Defendant Gates is liable for violating his Eighth Amendment rights.  Id. at 21-22.

3
4
5
6
7
8
9

Plaintiff claims that on January 29, 2020, he was diagnosed by Dr. Nancy Adams as "needing treatment."  Id. at 12.  Plaintiff claims Dr. Adams was "in shock that the colonoscopy surgeon failed to recognize plaintiff's 'recto prolapsed,'" and that during the examination she discussed a "lump the size of a baseball" located around his rectum area. Id.  Plaintiff claims "it became obvious" that he needed immediate surgery, but that Dr. Adams failed in her obligation to order the surgery.  Id. at 12-13.  Plaintiff claims she "discharged" him with his existing injuries.  Id.

10
11
12
13
14
15
16
17
18
19

Plaintiff claims that on February 5, 2020, he was seen by PBSP clinic nurse Ramirez.  Id. at 14.  Plaintiff claims Nurse Ramirez "verified [his] needing immediate surgery" and "acknowledge[d] patient experiencing a lot of pain."  Id.  Plaintiff claims Nurse Ramirez stated, "I don't know what to do," although he "believed treatment was necessary."  Plaintiff claims he saw Nurse Ramirez multiple times, and that she failed to suggest the proper approach to resolve his ailments.  Id.  Plaintiff claims he logged thirty or more visits with PBSP medical staff, each time making the same complaints: he could not "hold food, blood in stool, need medical care, lingering severe pain and there was an obvious weight loss of 30 pounds."  Id.  Plaintiff claims these ailments establish a cognizable claim of deliberate indifference in violation of the Eighth Amendment.  Id.

20
21
22
23
24
25
26
27

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.

28

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson, 290 F.3d at 1188.

A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).

The allegations in the amended complaint are insufficient to state an Eighth Amendment claim against each named defendant, except for Defendant Adams and Ramirez. The amended complaint is peppered with the words "negligence," "gross negligence," and "malpractice." See, e.g., Dkt. No. 13 at 4, 6, 8, 12, 14, 17, 20. Even assuming that Plaintiff's intestinal problems satisfy the first prong for a serious medical

6

United States District Court
Northern District of California

need, he fails to satisfy the second prong, i.e., that defendant acted with deliberate indifference because he knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837. Rather, the allegations show that Plaintiff was examined and received medical care when he requested it, and even received referrals to specialists. However, he disagreed with their diagnosis and planned course of treatment.

Firstly, with respect to Nurse McDaniels, Plaintiff alleges that her actions amount to "gross negligence" and that alone is sufficient to establish that his Eighth Amendment rights were violated. See supra at 3. However, Plaintiff is mistaken. As he was already advised, negligence and malpractice are not sufficient to establish an Eighth Amendment violation. See Toguchi, 391 F.3d at 1060. The fact that Nurse McDaniels "did not know what to do" indicates malpractice at most. Nowhere does Plaintiff suggest that she was aware that a failure to act would result in further harm to Plaintiff. Furthermore, it appears from Plaintiff's allegations that she did refer him to the doctor for further treatment as she was present during one of those exams. See supra at 3. Accordingly, Plaintiff's allegations are insufficient to state an Eighth Amendment claim against Defendant McDaniels. There being no other cognizable claims against her, Defendant McDaniels must be dismissed from this action.

Secondly, with respect to the "unnamed doctor" in Eureka who performed a colonoscopy, even assuming his doctor is a state actor, there is no indication that this unidentified doctor acted with deliberate indifference. According to Plaintiff's allegations, the doctor "did not find anything wrong." Id. The fact that Plaintiff disagrees with this doctor's diagnosis does not establish an Eighth Amendment violation. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish

deliberate indifference. <u>Toguchi</u>, 391 F.3d at 1058; <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).  The same is true of Plaintiff's allegations against Dr. Grivy, with whose diagnosis he disagrees.  <u>See</u> <u>supra</u> at 3.  Plaintiff asserts that contrary to Dr. Grivy's finding that "nothing" was wrong with him and that exercise would be beneficial, Plaintiff believed that he needed surgery.  However, this disagreement over the course of treatment does not give rise to a § 1983 claim.  <u>Franklin</u>, 662 F.2d at 1344.  Accordingly, Plaintiff's allegations are insufficient to state an Eighth Amendment claim against the unnamed doctor in Eureka and Dr. Grivy.

Plaintiff's allegations against Defendants Geiger, Woods and Gates are also insufficient to state a claim.  Plaintiff's claim against these Defendants are based on their involvement in his administrative grievance for the treatment he received through December 2019.  <u>See</u> <u>supra</u> at 4-5.  However, as Defendant Geiger's review disclosed, there was nothing emergent revealed by the colonoscopy and biopsy, nor did any of Plaintiff's most recent lab work and examinations reveal anything abnormal.  <u>Id.</u> at 4.  Based on the information before them, it cannot be said that Defendants Geiger, Woods, and Gates were aware of any of facts from which they drew the inference that a substantial risk of serious harm to Plaintiff existed.  <u>Farmer</u>, 511 U.S. at 837.  The fact that Plaintiff disagrees with their decision to deny his appeal does not establish deliberate indifference on their part.  Accordingly, Plaintiff's allegations are insufficient to state an Eighth Amendment claim against Defendants Geiger, Woods, and Gates.

On the other hand, Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Dr. Adams and Nurse Ramirez whom he alleges knew of his need for treatment and yet failed to act.  <u>See</u> <u>supra</u> at 5.  Accordingly, this action shall proceed against these two Defendants.  All other claims and Defendants shall be dismissed for failure to state a cognizable claim for relief against them.

///

///

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1.      This action shall proceed on the cognizable Eighth Amendment claim against Defendants Adams and Ramirez as described above.  All other claims and Defendants are **DISMISSED  with prejudice** from this action for failure to state a claim.

The Clerk shall terminate the following Defendants from this action: S. Gates, Dr. Grivy, Nurse T. Geiger, Nurse McDaniels, and Officer B. Woods.

2.      The following defendants shall be served at Pelican Bay State Prison:

        a.      **Dr. Nancy Adams**

        b.      **Nurse Ramirez**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the first amended complaint, and any attachments thereto, Dkt. No.13, a copy of this order of service, a CDCR Report of E-Service Waiver form and a summons.  The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR,  CDCR  shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS)  and which defendant(s) decline to waive service or could not be reached.  CDCR  also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR  Report of E-Service

Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.     No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.     **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18

F.3d 651, 653 (9th Cir. 1994).

5.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  _February 4, 2022_____

EDWARD J. DAVILA
United States District Judge